IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, )
                          )
        Plaintiff,        )
                          )
    v.                    )        CIVIL ACTION
                          )        NO. 83-C-2737
SUFFOLK COUNTY, et al.,   )
                          )
        Defendants.       )
_____)

## CONSENT DECREE

The United States filed this action on June 24, 1983 against Suffolk County, the Suffolk County Police Department, the Commissioner of Police and the Suffolk County Civil Service Commission (hereinafter collectively referred to variously as the "Suffolk County defendants," "Suffolk County" or the "County"), alleging, <u>inter alia</u>, that Suffolk County was engaged in a pattern or practice of employment discrimination against women, blacks and hispanics with respect t° job opportunities in the Suffolk County Police Department, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, <u>et seq</u>. ("Title VII"), the State and Local Fiscal Assistance Act of 1972, as amended, 31 U.S.C. Sec. 1221,

et seq. (the "Revenue Sharing Act") and the Omnibus Crime Control and Safe Streets Act of 1968, as amended 42 U.S.C. Sec. 3766(c)(3) (the "Safe Streets Act").

Suffolk County expressly denies that it is presently, or has ever been, engaged in a pattern or practice of discrimination against women, blacks or hispanics as alleged by the United States. However, the County realizes that certain of its selection criteria for hire into and assignment within the Suffolk County Police Department (hereinafter referred to as the "SCPD"), certain of its personnel practices within the SCPD, and the existence of a substantial disproportion between the percentages of women, blacks and hispanics in the SCPD as compared to the percentages of women, blacks and hispanics within the relevant labor market, may give rise to an inference that discrimination has occurred.

The United States, defendant Suffolk County and defendant Suffolk County Patrolman's Benevolent Association, Inc. — desirous of avoiding the burden, expense and uncertainty of further contested litigation and desirous of eliminating any disadvantage to women, blacks and hispanics that may have resulted from any past practice with respect to job opportunities in the SCPD — hereby agree and consent to the entry of this Decree.

The parties signatory hereto, by agreeing and consenting to the entry of this Decree, stipulate to the jurisdiction of the Court over this action, and waive a hearing and the entry of findings of fact and conclusions of law on all issues involved herein. However, this Decree shall constitute neither an admission by the County nor an adjudication by the Court on the merits of the allegations of the United States.

This Decree is final and binding between the parties signatory hereto and their successors as to the issues resolved herein, as well as upon all persons who consent to and accept the relief provided herein.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

## I
## GENERAL

1. The purpose of this Decree is to ensure that women, blacks and hispanics are considered for employment by Suffolk County in the SCPD on an equal basis with white males, and that all employment decisions with respect to the SCPD shall be made on a non-discriminatory basis without regard to an applicant's or an employee's race, sex or national origin. In furtherance of this purpose, Suffolk County shall in good faith undertake to employ increased numbers of qualified women, blacks and hispanics in all sworn ranks and non-sworn positions within the SCPD in accordance with their respective interest in and ability to qualify for such employment under non-discriminatory

selection procedures and criteria. It is recognized that the achievement of this objective is facilitated by a process free of unlawful barriers to entry and by a substantial increase in recruitment efforts directed toward women, blacks and hispanics.

2. Suffolk County, and its officials, employees, agents and all persons in active concert or participation with them, hereafter shall not engage in any act or practice with respect to the recruitment or hire of applicants for employment in the SCPD, or the training, assignment, transfer, promotion, discipline, retention, compensation, or terms and conditions of employment of employees of the SCPD, which has either the purpose or the effect of discriminating unlawfully on the basis of sex, race or national origin.

II

QUALIFICATION AND SELECTION CRITERIA

3. Suffolk County shall immediately undertake to design, develop and validate a new procedure to be used by it in the selection of candidates for Police Officer in the SCPD, which procedure is lawful under Title VII and conforms to the requirements of the Uniform Guidelines on Employee Selection Procedures, 28 C.F.R. 50.14, 29 C.F.R. 1607, 31 C.F.R. 51.53,

or successor guidelines (hereinafter referred to as the "Uniform Guidelines"). While Suffolk County shall bear all of the monetary costs attendant to this effort, the other signatories to this Decree have agreed to, and shall, cooperate fully with Suffolk County in this effort.

4.    Suffolk County, after consultation with and the approval of the United States, has retained and contracted with a qualified testing firm, Richardson, Bellows, Henry and Company (hereinafter referred to as "RBH") of Washington, D.C., to design, develop and validate a new procedure to be used by the County in the selection of candidates for Police Officer in the SCPD. Suffolk County has agreed to, and shall, cooperate fully with RBH in the design, development and validation of such selection procedure.

5.    The parties to this Decree agree that:

a.    RBH shall conduct a job analysis and criterion-related validity study in an effort to design, develop and validate a new procedure for use by Suffolk County in the selection of candidates for Police Officer in the SCPD.

b.    After completion of its criterion-related validity study, RBH shall promptly report, in a manner consistent with the Uniform Guidelines or successor guidelines, the results of such study to the parties to this Decree. After

consultation with and agreement by RBH, the parties to this Decree expect that RBH shall conclude its validity study and report the results thereof to the parties within no more than eighteen (18) months from the date of entry of this Decree.

c.   If RBH believes that the results of its study show the validity of its selection procedure, RBH shall include in its report to the parties to this Decree a proposal for the use of the selection procedure, or those portions of it which show validity, in a manner consistent with the Uniform Guidelines or successor guidelines.

6.   If the United States and Suffolk County agree that the RBH criterion-related validity study shows that the RBH selection procedure, or any portions of it, may be used under the Uniform Guidelines and that RBH's proposal for the use of the selection procedure, or any part of it, is consistent with the Uniform Guidelines, they shall - within thirty (30) days from their receipt of the RBH report - submit to the Court a joint motion for Suffolk County's use of the procedure in the selection of candidates for Police Officer in the SCPD. Upon approval of that motion by the Court, Suffolk County shall administer and utilize such procedure in the selection of candidates for Police Officer in the SCPD.

7. The United States and Suffolk County believe that there is a good likelihood that the selection procedure to be developed by RBH can be demonstrated to be valid; and that such procedure will have less adverse impact than the procedures traditionally used for the selection of candidates for Police Officer in the SCPD. However, if the United States believes that the proposed use of the RBH selection procedure will have adverse impact and that there is insufficient evidence of validity to support such proposed use, it shall - within thirty (30) days from its receipt of the RBH report - file an appropriate motion to challenge the proposed use of the selection procedure.

8. Except as to the RBH Police Officer selection procedure, Suffolk County shall provide the United States with at least ninety (90) days notice prior to the implementation of any changes in the County's current qualifications or selection criteria for hire, assignment, transfer or promotion within the sworn force of the SCPD.

9. Suffolk County hereinafter shall not utilize qualifications or selection criteria for hire, assignment, transfer or promotion within the SCPD - except for the interim Police Officer hiring contemplated by Paragraph 15, infra - which have an adverse racial, gender or ethnic impact, unless such qualifications or selection criteria have been validated in accordance with the Uniform Guidelines.

10. The entry-level written examination currently in use by Suffolk County in the selection of candidates for Police Officer was prepared for the County by Educational Testing Service, Inc. (hereinafter referred to as "ETS") and was administered by the County on April 28, 1984.

11. The United States contends that this examination (hereinafter referred to as the "ETS Police Exam") has had and, if continued to be used by the County, will have a substantial adverse impact upon black, hispanic and female, as compared to white and male, Police Officer candidates. The United States further contends that to date Suffolk County has not provided the United States with evidence demonstrating that the ETS Police Exam has been validated in accordance with the Uniform Guidelines.

12. Suffolk County recognizes that the ETS Police Exam has had and, if continued to be used by the County, will have a substantial adverse impact upon black, hispanic and female, as compared to white and male, Police Officer candidates. Solely for the purpose of this action and in light of this Decree, Suffolk County further recognizes that to date it lacks evidence demonstrating that the ETS Police Exam has been validated in accordance with the Uniform Guidelines.

13. The parties to this Decree recognize that it will take RBH up to eighteen (18) months to develop and administer a new Police Officer selection procedure better than the ETS Police Exam. The parties to this Decree further recognize that, during this eighteen (18) month period, Suffolk County will not undertake any further efforts or expend any further monies in trying to validate the ETS Police Exam.

14. However, the parties to this Decree recognize Suffolk County's emergent need, in the meantime, to hire additional Police Officers to maintain an adequate level of public safety. In this regard, it is uncontested by any of the parties to this Decree that: at the present time, the SCPD's sworn force is 2,515 officers, while its budgeted strength is 2,866 officers; and, based upon actual attrition rates over the past year of approximately seventeen (17) officers per month, it is projected that, without any new Police Officer hires during this eighteen (18) month period, the SCPD's sworn force will further be reduced to 2,209 officers, or only seventy-seven percent (77%) of its budgeted strength.

15. Accordingly, the parties to this Decree agree that if Suffolk County elects, after the entry of this Decree, to use the eligibility list which resulted from the ETS Police Exam, it may do so for not more than eighteen (18) months from the

date of entry of this Decree, or until approval by the Court of the County's use of the new Police Officer selection procedure described in Paragraphs 3-7, *supra*, whichever event occurs first, in the hire of not more than two hundred (200) Police Officers, provided that:

a. Eighteen (18) months after the entry of this Decree, or upon approval by the Court of the County's use of the new Police Officer selection procedure described in Paragraphs 3-7, *supra*, whichever event occurs first, Suffolk County shall immediately provide the United States with all information and documentation it has reflecting the adverse impact of the ETS Police Exam upon black, hispanic and/or female, as compared to white, non-hispanic and male, Police Officer candidates.

b. Thereafter, Suffolk County shall provide remedial relief to those black, hispanic and female Police Officer candidates, if any, who the United States and the County agree or, absent such agreement, the Court determines were the individual victims of such unlawful use by the County of the ETS Police Exam. Only those blacks, hispanics and women shall be entitled to remedial relief who the parties agree or, absent agreement, the Court determines would have been hired pursuant to a job-related selection procedure. Such agreement or deter-

mination shall be made by reference to relative performance on either the RBH selection procedure developed and validated pursuant to Paragraph 6, _supra_; or, alternatively, upon other selection procedures which the Court determines are valid measures of relative ability to perform. In no event, however, will the County be liable to provide remedial relief to more than fifty-one (51) black, hispanic and female victims; and in no event shall the County be liable to make more than fifty-one (51) actual job offers, regardless of the number of victims who - having obtained a job offer - nevertheless decline it. Further, in order to obtain a job offer, any such victim must pass a physical examination, a psychological examination and a background examination administered to the other candidates for appointment at that time; and in order to be retained by the County as a police officer and to be credited with retroactive seniority, any such victim who is appointed must successfully complete the County's probationary period. The County shall not require any such victim to meet its maximum age requirement as a condition of either a job offer or appointment. Notwithstanding the requirement that each such victim pass a physical examination, the County shall not disqualify any such victim because of a condition then in existence which was not in existence at the time of that person's application, unless the

County establishes that incumbent police officers who developed the same condition are thereby dismissed from the SCPD.

c. The County shall, within twenty (20) days from the date of entry of this Decree, invest the sum of $197,000 in interest-bearing securities guaranteed by an agency of the United States at the best available rate, which sum - together with all accrued interest therefrom - shall be used to satisfy back pay awards (to be determined and paid in a manner consistent with Paragraph 23b and Part VII, infra.) to those black, hispanic and female Police Officer candidates, if any, who the parties agree or, absent such agreement, the Court determines were the individual victims of such unlawful use by the County of the ETS Police Exam. The amount of the back pay award to each such victim shall be determined by the United States, but in no event shall the amount of the back pay award to any such victim exceed $20,000. None of such victims is required to indicate a present interest in or to except a job offer as a condition of his or her receipt of a back pay award. Any sums remaining after all such awards have been made shall revert to Suffolk County.

### III
### RECRUITMENT FOR THE RANK
### OF POLICE OFFICER IN THE SCPD

16. Suffolk County shall immediately establish and in good faith implement during the life of this Decree a vigorous

recruitment program directed at enhancing the employment opportunities of qualified female, black and hispanic applicants for the rank of Police Officer in the SCPD.

17. Absent explanation, it is expected that an appropriate recruitment program will attract qualified female, black and hispanic applicants in numbers which reflect their availability in the relevant labor market. As used herein, availability in the relevant labor market refers not only to the geographical area from which applicants are drawn but also to the persons in that area who possess the necessary qualifications, and are interested in and available for the rank of Police Officer.

18. Compliance with the recruitment obligations created by this Decree shall be judged by the County's good faith implementation of the recruitment program and activities set forth in Part III of this Decree. Accordingly, failure to attain a particular female, black or hispanic applicant flow is not itself a violation of this Decree. The United States will, however, monitor the County's applicant flow pursuant to the County's obligation under Part III of this Decree, and may look to that factor as a basis to trigger an inquiry by the United States as to the County's good faith implementation of the recruitment program and activities required herein.

19. As part of such recruitment program, and in addition to any other recruitment activities that may currently exist or hereafter be adopted, Suffolk County shall, commencing at least nine (9) months prior to the closing date for the submission of applications for each subsequent written examination for Police Officer, and continuously throughout such nine (9) month period:

a. Place through television, radio stations and newspapers, including radio stations and newspapers which primarily serve or are directed toward the black and hispanic communities, advertisements which:

(1) Emphasize that the SCPD is an Equal Employment Opportunity employer;

(2) Emphasize the County's active and continuing recruitment program on behalf of women, blacks and hispanics for appointment to Police Officer in the SCPD;

(3) Summarize the qualifications required for appointment;

(4) Provide information as to the method by which application for appointment must be made, as well as the dates during which application must be made; and

- 14 -

(5) Invite women, blacks, and hispanics to apply for Police Officer appointment, and state the name, address and telephone number of the unit of the SCPD to which inquiries and requests for applications may be made;

b. Prepare, prominently place in all Suffolk County buildings and distribute (especially within predominantly black and/or hispanic communities) among colleges, high schools, technical schools, churches, community groups and places of business in the counties of Suffolk and Nassau as well as in the boroughs of Brooklyn and Queens, brochures and posters which:

(1) Emphasize that the SCPD is an Equal Employment Opportunity employer;

(2) Emphasize the County's active and continuing recruitment program on behalf of women, blacks and hispanics for appointment to Police Officer in the SCPD;

(3) Summarize the qualifications required for appointment;

(4) Provide information as to the method by which application for appointment must be

made, as well as the dates during which
application must be made; and

(5) Invite women, blacks, and hispanics to
apply for Police Officer appointment, and
state the name, address and telephone
number of the unit of the SCPD to which
inquiries and requests for applications may
be made;

c. Recruit for Police Officer in the SCPD women,
blacks and hispanics enrolled at colleges (especially those
having criminal justice and related course curricula), high
schools and technical schools with predominantly black, his-
panic and/or female enrollments;

d. Establish and maintain contacts with and visits
to local offices of groups and associations which specifically
serve (or promote the employment opportunities of) women,
blacks or hispanics (e.g., the NAACP, the Urban League, the
National Organization for Women and the Suffolk County Guard-
ians), to inform them of the County's active and continuing
recruitment program on behalf of women, blacks and hispanics
for Police Officer in the SCPD; and

e. Widely distribute application forms to those
schools, churches, and groups and associations referred to in
Paragraphs 19b and d, supra; timely forward application forms

- 16 -

to all persons who request them; and follow-up (personally and/or by mail) with all persons to whom applications have been provided by the SCPD.

20. Since the parties to this action expect that RBH shall conclude its validity study and report the results thereof to the parties within no more than eighteen (18) months from the date of entry of this Decree (see Paragraph 5b, supra), Suffolk County shall, not later than nine (9) months from the date of entry of this Decree, commence those actions set forth in Paragraph 19, supra, as part of the County's Police Officer recruitment program.

## IV
## TRANSFER RELIEF FOR INCUMBENT WOMEN, BLACK AND HISPANIC POLICE OFFICERS

21. Subject to the availability of incumbent women, black and hispanic Police Officers who are interested in and qualified for transfer, Suffolk County shall fill Police Officer vacancies which hereafter occur in the precincts (e.g., First Precinct, Secc J Precinct, etc.), and in the special commands (e.g., Homicide Squad, Fourth Squad, Highway Patrol Bureau, Emergency Services Bureau, Records Bureau, etc.) of the SCPD in a non-discriminatory manner which ensures that women, black and hispanic Police Officers are fully considered for transfer opportunities throughout such precincts and special commands as vacancies in such precincts and commands occur.

- 17 -

RECRUITMENT FOR NON-SWORN
POSITIONS IN THE SCPD

22.   Suffolk County shall immediately adopt and in good faith implement a vigorous recruitment program of the type described in Paragraphs 16-19, <u>supra</u>, directed at enhancing the employment opportunities of qualified black and hispanic applicants for all non-sworn, entry-level positions in the SCPD, and the employment opportunities of qualified women applicants for the following non-sworn, entry-level positions in the SCPD:

> Auto Mechanic I
> Auto Mechanic II
> Auto Mechanic III
> Auto Mechanic IV
> Auto Mechanic V
> Communication Technician I
> Communication Technician II
> Communication Technician III
> Criminal I.D. Technician
> Driver-Messenger

VI
REMEDIAL RELIEF FOR INDIVIDUAL
WOMEN, BLACKS AND HISPANICS

23.   In settlement of all of the claims of the United States for remedial relief on behalf of individual women, blacks and hispanics alleged to have been, as of the date of entry of this Decree, the victims of a pattern or practice of discrimination against women, blacks and hispanics with respect to job opportunities in the SCPD, as well as all of the claims

of individual women, blacks and hispanics who consent to and/or accept the relief provided under Part VI of this Decree, Suffolk County agrees, and it is hereby ordered, that:

a. The County shall, within ten (10) days following the entry of this Decree, reserve a fund of $311,003.00 to be used to satisfy the back pay awards to be paid to individuals under Part VI of this Decree.

b. Suffolk County shall deduct from each back pay award to be paid to individuals under Part VI of this Decree the appropriate employee contribution to the Social Security fund, as well as the appropriate Federal and State income withholding taxes, and Suffolk County shall timely forward such contributions and withholding taxes to the appropriate governmental entity. The monies due the Social Security fund as employer contributions shall not be funded from that amount set forth in Paragraph 23a, _supra;_ and the County shall timely pay all employer ntributions to the Social Security fund due on the back pay awards to be paid to individuals under Part VI of this Decree. Suffolk County, however, shall not be obligated to make any payments to any State of New York retirement system as a result of the County's payment of the back pay awards to individuals under Part VII of this Decree.

c. The County shall provide that non-monetary relief as set forth in Part VI of this Decree.

Relief For Those Women, Blacks And Hispanics Who The
United States Contends Have Been Unlawfull Denied
Assignment To The Rank Of Detective, And Relief For
Those Incumbent Women, Black and Hispanic Detectives
In The SCPD Whose Assignments To That Rank The United
States Contends Were Unlawfully Delayed

24.   Assignments in the SCPD to the rank of Detective have
been and continue to be made at the discretion of the Commis-
sioner of the SCPD. From 1968 through 1982 (the latest complete
year prior to the United States' filing of this action), the
average length of service of those Officers designated as
Detectives, by year of designation, was seven (7) years and
four (4) months.

25.   The United States contends that the SCPD unlawfully
denied assignment to the rank of Detective to two (2) former
police officers who are now retired, Harold Desverney and
Thomas McCullough, as well as to one (1) hispanic who is now a
Sergeant in the SCPD, Michael Estrada. The United States
contends that each of these persons was as qualified for
assignment as, or better qualified for assignment than, those
incumbent white Police Officers who the SCPD assigned to
Detective. The date of appointment as a Police Officer of each
of these three (3) persons, as well as the date by which the
United States contends he should have been assigned to Detec-
tive, are as follows:

- 20 -

| Name | Date Of Appointment | Date By Which Should Have Been Assigned To Detective |
|------|------|------|
| Harold Desverney | 1/21/63 | 5/21/70 |
| Michael Estrada | 5/1/67 | 9/1/74 |
| Thomas McCullough | 1/20/64 | 5/20/71 |

26.    The United States also contends that the SCPD unlaw-
fully delayed the assignments of sixteen (16) incumbent female,
black and hispanic Detectives to that rank. The United States
contends that each of these sixteen (16) women, black and
hispanic Detectives had to wait a significantly longer period
of time after appointment to be assigned to that rank than
incumbent white males having similar or lesser qualifications.
The name, sex and race or national origin, date of appointment
as a Police Officer and date of assignment as a Detective of
these sixteen (16) Detectives, as well as the date by which the
United States contends he or she should have been assigned to
Detective, are as follows:

| Name | Sex/Race/ Natl. Origin | Date of Appointment | Date Assigned To Detective | Date By Which Should Have Been Assigned To Detective |
|------|------|------|------|------|
| Frank Barreiro, Jr. | Male/Hispanic | 4/13/70 | 8/11/86 | 8/13/77 |
| Michael Calvin | Male/Black | 1/8/68 | 3/25/85 | 5/8/75 |
| Ilene Carrol | Female/White | 8/3/70 | 10/10/83 | 12/3/77 |
| Sylvester Daily | Male/Black | 9/11/72 | 3/25/85 | 1/11/80 |

- 21 -

| Name | | | | |
|---|---|---|---|---|
| James Garcia | Male/Hispanic | 6/24/68 | 10/10/83 | 10/24/75 |
| Ronald Gaskins | Male/Black | 12/18/72 | 8/11/86 | 4/18/80 |
| Ron Keyes | Male/Black | 10/25/71 | 12/23/85 | 2/25/79 |
| Susan Lenz | Female/White | 2/15/71 | 10/10/83 | 6/15/78 |
| Louis Martinez | Male/Hispanic | 4/15/68 | 8/11/86 | 8/15/75 |
| Rene Matos | Male/Hispanic | 2/15/71 | 3/25/85 | 6/15/78 |
| Patricia Maurice | Female/Black | 2/15/71 | 10/10/83 | 6/15/78 |
| John Rivera | Male/Hispanic | 5/7/73 | 8/11/86 | 9/7/80 |
| Marilyn Schwarz | Female/White | 10/26/70 | 12/28/81 | 2/26/78 |
| Hector Torres | Male/Hispanic | 2/15/71 | 3/25/85 | 6/15/78 |
| Margaret Vath | Female/White | 2/15/71 | 10/10/83 | 6/15/78 |
| Carolyn Wimmer | Female/White | 2/15/71 | 10/10/83 | 6/15/78 |

27. Without admitting to the contentions of the United
States as set forth in Paragraphs 25 and 26, supra, Suffolk
County agrees, and it is hereby ordered, that the County shall
provide each of those women, blacks and hispanics listed in
Paragraphs 25 and 26, supra, with the following back pay award
to compensate him or her for the monetary loss he or she has
incurred as a result of the County's alleged unlawful refusal
to have assigned, or the County's alleged unlawful delay in
having assigned, him or her to the rank of Detective:

| Name | | Back Pay Award |
|---|---|---|
| Frank Barreiro, Jr. | ( 8.75 x 2,250) | $  19,688 |
| Michael Calvin | ( 9.83 x 2,250) | 22,118 |

| | | |
|---|---|---|
| Ilene Carrol | ( 5.83 x 2,250) | 13,118 |
| Sylvester Daily | ( 5.17 x 2,250) | 11,633 |
| Harold Desverney | (13.83 x 2,250) | 31,118 |
| Michael Estrada | ( 5.00 x 2,250) | 11,250 |
| James Garcia | ( 8.00 x 2,250) | 18,000 |
| Ronald Gaskins | ( 6.08 x 2,250) | 13,680 |
| Ron Keyes | ( 6.83 x 2,250) | 15,368 |
| Susan Lenz | ( 5.33 x 2,250) | 11,993 |
| Louis Martinez | (10.75 x 2,250) | 24,188 |
| Rene Matos | ( 6.75 x 2,250) | 15,188 |
| Patricia Maurice | ( 5.33 x 2,250) | 11,993 |
| Thomas McCullough | (13.83 x 2,250) | 31,118 |
| John Rivera | ( 5.67 x 2,250) | 12,758 |
| Marilyn Schwarz | ( 3.83 x 2,250) | 8,618 |
| Hector Torres | ( 6.75 x 2,250) | 15,188 |
| Margaret Vath | ( 5.33 x 2,250) | 11,993 |
| Carolyn Wimmer | ( 5.33 x 2,250) | 11,993 |

## VII
## IMPLEMENTATION OF INDIVIDUAL RELIEF

28. Any individual entitled to relief under Part VI of this Decree, in order to obtain such relief, must sign a release which will be provided him or her by Suffolk County in accordance with Paragraph 30, infra, and return such notarized release to the County within thirty (30) days of his or her receipt thereof. Any individual entitled to relief under Part

- 23 -

VI, _supra_, who either does not sign such a release or, alterna-
tively, and absent good cause, does not return a signed release
to the County within thirty (30) days of his receipt thereof
shall be deemed to have waived his or her entitlement to such
relief. Such release shall provide that he accepts that relief
to which he or she is entitled under Part VI, _supra_, in full
and final settlement of any and all claims against Suffolk
County, its officials, officers or employees, based upon
discrimination with respect to job opportunities in the SCPD in
violation of any Federal, state or local equal employment
opportunity laws, statutes, regulations or ordinances, occurr-
ing prior to the date such release is signed.

29. Suffolk County shall notify each of those individuals
entitled to relief under Part VI of this Decree as to the
specific relief to which either the United States and the
County have agreed, or absent such agreement the Court has
determined, he or she is entitled, within twenty (20) days of
such agreement or determination as the case may be.

30. The notification referred to in Paragraph 29, _supra_,
shall be in writing, be made by U.S. mail, first class and
postage prepaid, be approved as to both substance and form by
the United States prior to mailing and be accompanied by a copy
of this Decree as well as a release form as described in
Paragraph 28, _supra_. In addition to advising each recipient as

to the specific relief to which he or she is entitled under Part VI, supra, such notification shall clearly advise him or her as to the requirements of Paragraph 28, supra, which must be met in order to obtain such relief. Such notification also shall state that if the recipient has any questions, he or she may contact either of the following counsel for the United States or the County:

> John M. Gadzichowski
> Senior Trial Attorney
> Employment Litigation Section
> Civil Rights Division
> Department of Justice
> Main Justice Building, Room 5515
> Washington, D.C. 20530

> Martin B. Ashare
> County Attorney, Suffolk County
> Department of Law
> H. Lee Dennison Building - 8th Floor
> Veterans Memorial Highway
> Hauppauge, New York 11788

31. Suffolk County shall provide each individual with the relief to which he or she is entitled under Part VI, supra, immediately u⸱ ₁ its receipt of his or her signed release in accordance with Paragraph 30, supra.

## VIII
### REPORTING AND RECORDKEEPING

32. Suffolk County shall submit to the United States, within twenty (20) days after every six-month period of time following the entry of this Decree, a report which contains:

a.   A computer printout or other listing setting forth the total number of personnel (sworn and non-sworn, full and part-time) employed by the SCPD as of the end of that six-month period, with a numerical breakdown by rank (if sworn), job (if non-sworn), race, national origin and sex;

b.   A computer printout or other listing setting forth by command the full name, race, national origin, sex, rank (if sworn), job (if non-sworn), date of appointment (if sworn) and date of hire (if non-sworn) of each person employed by the SCPD as of the end of that six-month period, with a designation for each person as to whether employed full or part-time;

c.   The total number of persons who applied for the position of Police Officer during that six-month period, with a numerical breakdown by race, national origin and sex; and the total number of persons who passed and who failed, respectively, any selection qualification or criterion for the position of Police Officer used by the County during that six-month period with a numerical breakdown by race, national origin and sex for each selection qualification or criterion;

d.   The full name, race, national origin, sex and date of hire of each person hired as a Police Officer recruit in the SCPD's Training Academy during that six-month period;

e.　　The full name, race, national origin, sex and date of appointment of each person who graduated from the SCPD's Training Academy and was appointed a Police Officer during that six-month period;

f.　　The full name, race, national origin and sex of each person who either voluntarily left or was discharged from the SCPD's Training Academy during that six-month period, including the date such person either voluntarily left or was discharged from the Academy, the precise reason or reasons why such person left or was discharged, and all documents, records and other memoranda with respect thereto;

g.　　The full name, race, national origin, sex and rank of each officer who during that six-month period was transferred from one precinct to another precinct, from one precinct to a special command, from one special command to another special command, from·plainclothes to uniform, and/or from uniform ₀ plainclothes; the date of such transfer; whether the transfer was voluntary or involuntary; the precinct or command from which such officer transferred; and the precinct or command to which such officer transferred.

h.　　The full name, race, national origin and sex of each officer who was promoted during that six-month period, as well as such officer's former and new rank, former and new precinct or command, and date of promotion;

i.   The full name, race, national origin and sex of each person who applied for, as well as each person who was hired into or promoted to, a non-sworn job within the SCPD during that six-month period, indicating for each person the job into which hired or to which promoted and the date of such hire or promotion; and

j.   The full name, race, national origin and sex of each employee who, during that six-month period, was involuntarily terminated from either a sworn rank or a non-sworn job within the SCPD during his or her probationary period, the rank or job from which terminated, the date of termination and the precise reason(s) therefor.

33.  Suffolk County shall retain during the life of this Decree, and shall make available to the United States for inspection and copying upon written request, all documents, records or other memoranda pertaining to the recruitment, selection, hire assignment, transfer, promotion demotion, discipline and termination of all personnel in the SCPD. In addition, Suffolk County shall furnish reports and information to the United States pertaining to the County's compliance with this Decree or needed by the United States in effectuating the provision of Parts V and VI of this Decree.

## COMPLIANCE WITH THIS DECREE

34. Within ten (10) days from the date of entry of this Decree, Suffolk County shall designate one official (hereinafter referred to as the County's "Compliance Officer") who shall be responsible for coordinating and overseeing the County's compliance with this Decree; and, within such time period, the County shall provide the United States with the name, title, mailing address and business telephone of such Compliance Officer. If the County subsequently changes its Compliance Officer, it shall promptly notify the United States as to the name, title, mailing address and business telephone number of that Officer's successor.

35. The United States hereby designates the following individual as its Compliance Officer for the administration and enforcement of this Decree:

> John M. Gadzichowski
> Seni : Trial Attorney
> Emp! <sup>#</sup> ment Litigation Section
> Civil Rights Division
> Department of Justice
> Main Justice Building, Room 5515
> Washington, D.C. 20530

If the United States subsequently changes its Compliance Officer, it shall promptly notify the County as to the name, title, mailing address and business telephone of that Officer's successor.

## COSTS

36. The parties to this Decree shall bear their own costs, including attorneys fees, incurred to date in this action; and Suffolk County shall bear all Court costs.

## RETENTION OF JURISDICTION

37. This Court shall retain jurisdiction of this action for the purpose of entering all orders, judgments and decrees which may be necessary to implement that relief provided herein and to effectuate Suffolk County's full and complete compliance with Title VII, the Revenue Sharing Act and the Safe Streets Act. Any time after five (5) years after the date of entry of this Decree, Suffolk County may move the Court, upon ninety (90) days notice to the United States, for a dissolution of this Decree. Suffolk County shall be entitled to such dissolution, if it has complied with this Decree in all material respects.

Entered t. is _1 ᵗʰ_ day of ~~August~~ *SEPTEMBER* 1986, in Brooklyn, New York.

*EUGENE H. NICKERSON*
UNITED STATES DISTRICT JUDGE

- 30 -

AGREED AND CONSENTED TO:


ON BEHALF OF PLAINTIFF UNITED STATES OF AMERICA,

By:    DAVID L. ROSE
       Chief, Employment Litigation Section
       JOHN M. GADZICHOWSKI
       Senior Trial Attorney
       Civil Rights Division
       Department of Justice
       Washington, D.C. 20530
       (202) 633-2188


ON BEHALF OF THE SUFFOLK COUNTY DEFENDANTS,

By:    MARTIN B. ASHARE
       County Attorney
        for Suffolk County
       Department of Law
       H. Lee Dennison Building - 8th Floor
       Veterans Memorial Highway
       Hauppauge, New York 11788
       (516) 360-5677


ON BEHALF OF DEFENDANT SUFFOLK COUNTY
PATROLMEN'S BENEVOLENT ASSOCIATION, INC.,

By:    RONALD G. DAVIS
       Kranz, Davis & Hersh
       601 Veterans Memorial Highway
       Hauppauge, New York 11788