IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUFFOLK COUNTY, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION <br> NO. 83-C-2737 |

CONSENT ORDER

On September 12, 1986, the Court approved and entered in this action a Consent Decree agreed to by plaintiff United States, the Suffolk County defendants and defendant Suffolk County Patrolmen's Benevolent Association, Inc.

The Consent Decree requires (Para. 3), among other things, that Suffolk County:

> ... undertake to design, develop and validate a new procedure to be used by it in the selection of candidates for Police Officer in the SCPD, which procedure is lawful under Title VII and conforms to the requirements of the Uniform Guidelines on Employee Selection Procedures...

The Decree recites (Para. 4) that the County, after consultation with and approval by the United States, had retained Richardson, Bellows, Henry and Company ("RBH") to design, develop and validate a new selection procedure for Police Officer in the Suffolk County Police Department (the "SCPD"). The Decree reflects the parties' expectation that RBH

will conclude its validity study and report the results thereof to the parties within no more than eighteen (18) months from the date of entry of the Decree - by March 1988 (Paras. 5b and 13). The parties to the Decree also agreed upon a procedure for the parties' review of the validity study, and the submission by the United States and the County to the Court of a joint motion to allow the County to use the new procedure in the selection of candidates for Police Officer in the SCPD if new procedure has sufficient validity for such use (Paras. 5-7).

In light of the parties' expectation (Decree, Para. 13) that the design, development and validation by RBH of this new procedure would take up to eighteen (18) months, together with the parties' recognition (Decree, Para. 14) of Suffolk County's emergent need, in the interim, to appoint additional Police Officers to maintain an adequate level of public safety protection, the Decree provides (Para. 15) the County with the option of using the eligibility list which resulted from the County's 1984 Police Examination developed by Educational Testing Service (the "ETS Police Exam" or the "Exam") in the appointment of not more than two hundred (200) Police Officers during this interim period of time, provided that the County provide remedial relief (offers of appointment, back pay and retroactive seniority) to up to fifty-one (51) black, hispanic and female victims of the County's use of that Exam.

Suffolk County exercised its option under the Decree of using the eligibility list which resulted from the ETS Police Exam in the appointment of additional Police Officers in the

interim and, to date, has appointed two hundred (200) Police Officers, the maximum number permitted under the Decree. However, the parties agree that the County's appointment of these two hundred (200) Police Officers has been offset by an attrition rate of incumbent SCPD Police Officers measurably higher than that originally contemplated by the County at the time the parties presented the Decree to the Court for approval and entry and that, as a result thereof, the County again faces an emergent need to appoint additional Police Officers.

In order to alleviate this emergent need, while at the same time ensuring that identifiable victims of its continued use of the ETS Police Exam be provided with remedial relief, Suffolk County has proposed that the Consent Decree be amended to provide that:

a. The County may use the eligibility list which resulted from the ETS Police Exam in the appointment of an additional one hundred (100) Police Officers, with the understanding that the County thereby be required to provide remedial relief to up to an additional eight (8) victims of the County's continued use of that Exam;

b. The County may promote up to sixty (60) Community Service Aides to the rank of Police Officer; and

c. The County shall, in conjunction with its appointments and promotions to the rank of Police Officer as set forth in Paragraphs a and b, *supra*, provide that remedial relief required under Paragraph 15 of the Decree (*i.e.*, offers of appointment, back pay and retroactive seniority) to up to

fifty-nine (59) persons who the United States and the County agree, or absent such agreement, the Court determines were the individual victims of such unlawful use by the County of the ETS Police Exam.

The parties - after consultation with RBH - agree that the RBH project for the design, development and validation of a new selection procedure for Police Officer is proceeding on schedule and should be completed by March 1988 as originally contemplated by them. Additionally, the parties - after consultation with RBH and having reviewed an interim report by RBH with respect to the experimental procedure it has developed through such project - agree that there exists sufficient evidence of the validity of the RBH experimental procedure to allow for its use on an interim basis in the identification of victims who may be eligible for remedial relief under Paragraph 15 of the Decree, as well as in the selection of incumbent Community Service Aides for promotion to the rank of Police Officer.

The data available to the parties at the time they presented the Decree to the Court for approval and entry reflected that the black/hispanic pass rate (70.6%) on the ETS Exam was substantially below the white pass rate (90.8%), and that Suffolk County's intended use of that Exam on a descending rank-ordering of scores basis would have a severe adverse impact upon blacks and hispanics. That data also reflected that although the pass rate for women (83.8%) was 95.8% of (and, thus, only slightly below) the pass rate for men (87.5%), the

County's intended use of that Exam on a descending rank-ordering of scores basis might well have adverse impact upon women. Accordingly, under the Decree (Para. 15a), the United States maintained the right, absent agreement by the County, to seek a determination by the Court that women, as well as blacks and hispanics, may have been the victims of the County's use of the ETS Police Exam. However, in order to effectuate its interim appointment of two hundred (200) Police Officers to date, the County found it necessary to use more of the eligibility list which resulted from the ETS Police Exam than the parties originally contemplated - thereby reducing the adverse impact of that Exam upon women. In fact, the percentage of female passers (27.4%) who have obtained Exam scores high enough to proceed to the subsequent stages in the selection process is 82.3% of the percentage of their male counterparts (33.3%) - and thus is within the 80% rule of thumb contemplated by the Uniform Guidelines. Conversely, the severe adverse impact of that Exam upon blacks and hispanics has remained, with the percentage of black/hispanic passers (17.0%) who have obtained Exam scores high enough to proceed to the subsequent stages in the selection process only 48.8% (or less than one-half) of the percentage of their white counterparts (34.9%). Therefore, the United States and Suffolk County, in accordance with Paragraph 15b of the Decree, have reached an agreement that any remedial relief available under Paragraph 15 of the Decree be limited to blacks and hispanics.

Based upon the foregoing, the United States, the Suffolk County defendants and defendant Suffolk County Patrolmen's Benevolent Association, Inc., hereby agree, and IT IS HEREBY ORDERED, that the Consent Decree entered by the Court in this action on September 12, 1986 be amended to provide as follows:

1. Suffolk County may use the eligibility list which resulted from the ETS Police Exam until March 1988 in the appointment of not more than one hundred (100) additional Police Officers, provided that the County provide that remedial relief set forth in Paragraph 15 of the Decree to up to an additional eight (8) victims of the County's use of that Exam.

2. Suffolk County may, until March 1988, promote up to sixty (60) Community Service Aides to the rank of Police Officer by using the RBH experimental procedure in the selection of such candidates for promotion and provided that such candidates otherwise meet the County's requirements for promotion to Police Officer.

3. Suffolk County shall no later than November 14, 1987, administer the RBH experimental procedure to each of those black and hispanic candidates who took the ETS Police Exam and who:

   a. has not been appointed to the rank of Police Officer in the SCPD;

   b. did not exceed the County's maximum age requirement for appointment to the rank of Police Officer as of the date upon which the County first appointed candidates to

the rank of Police Officer from the eligibility list which resulted from the ETS Police Exam;

c. did not fail any of the subsequent stages in the selection process (i.e., medical evaluation, physical fitness test, psychological test, background investigation);

d. did not consistently reject all pre-canvasses and SCPD offers; and

e. returned his or her Expression of Interest Form to the County, affirmatively stating his or her interest in being considered for an award of remedial relief under the Decree.

4. Suffolk County shall, in conjunction with its appointments and promotions of candidates to the rank of Police Officer in accordance with Paragraphs 1 and 2, supra, of this Order, timely provide remedial relief to those black and hispanic Police Officer candidates, if any, who the United States and the County agree or, absent such agreement, the Court determines were the individual victims of such unlawful use by the County of the ETS Police Exam. Only those blacks and hispanics shall be entitled to remedial relief who the parties agree or, absent agreement, the Court determines would have been appointed to the rank of Police Officer in the SCPD pursuant to a job-related selection procedure. Such agreement or determination shall be made by reference to the performance of those black and hispanic Police Officer candidates on the RBH experimental procedure relative to the scores obtained on

that experimental procedure by those incumbent SCPD Police Officers in RBH's research sample.

5. In no event, however, shall Suffolk County be liable to provide remedial relief to more than fifty-nine (59) black and hispanic victims; and in no event shall the County be liable to make more than fifty-nine (59) actual offers of appointment to the rank of Police Officer in the SCPD, regardless of the number of victims who - having obtained such an offer - nevertheless decline it. Further, in order to obtain an offer of appointment, any such victim must pass a medical evaluation, a physical fitness test, a psychological test and a background investigation at that time; and in order to be retained by the County as a Police Officer in the SCPD and be entitled to be credited with retroactive seniority, any such victim who is appointed must successfully complete the County's probationary period. The County shall not require any such victim to meet its maximum age requirement as a condition of either an offer of appointment or appointment. Notwithstanding the requirement that each such victim pass a medical evaluation and a physical fitness test, the County shall not disqualify any such victim because of a medical or physical condition then in existence which such victim can demonstrate was not in existence at the time of that person's application, unless the County establishes that incumbent Police Officers who developed the same condition are thereby dismissed from the SCPD.

6. Suffolk County shall, within twenty (20) days from the date of entry of this Order, invest the additional sum of $30,902 in interest-bearing securities guaranteed by an agency of the United States at the best available rate, which sum - together with the sum of $197,000 the Decree required the County to invest, as well as all accrued interest from both sums - shall be used to satisfy the back pay awards (to be determined and paid in a manner consistent with Paragraph 23b and Part VII of the Decree) to those black and hispanic Police Officer candidates, if any, who the parties agree or, absent such agreement, the Court determines were the individual victims of such unlawful use by the County of the ETS Police Exam. The amount of the back pay award to each such victim shall be determined by the United States, but in no event shall the amount of the back pay award to any such victim exceed $20,000. None of such victims is required to indicate a present interest in or to except a job offer as a condition of his or her receipt of a back pay award. Any sums remaining after all such awards have been made shall revert to Suffolk County.

7. Since Suffolk County's use of the RBH selection procedure is governed by the Decree and this Order, and in light of the need to maintain the security of the RBH selection procedure for further development and subsequent use, State and County civil service laws, regulations and policies with respect to the scoring of, as well as candidate review of and/or appeal from, written examinations are hereby waived with respect to the County's interim use as well as its subsequent

use of the RBH selection procedure under the Decree and this Order. Additionally, since the County's interim use of the RBH selection procedure is restricted by this Order, State and County civil service laws, regulations and policies with respect to the establishment, duration, termination and use of eligibility lists which result from written examinations are hereby waived with respect to the County's interim use of the RBH selection procedure under this Order.

ENTERED this 12th day of November 1987, in Brooklyn, New York.

                                        UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

ON BEHALF OF PLAINTIFF UNITED STATES OF AMERICA,

By: _____
    JOHN M. GADZICHOWSKI
    Senior Trial Attorney
    Civil Rights Division
    Department of Justice
    Washington, D.C. 20530
    (202) 633-2188

ON BEHALF OF THE SUFFOLK COUNTY DEFENDANTS,

By: _____
    MARTIN B. ASHARE
    County Attorney
     for Suffolk County
    Department of Law
    H. Lee Dennison Building - 8th Floor
    Veterans Memorial Highway
    Hauppauge, New York 11788
    (516) 360-5677

ON BEHALF OF DEFENDANT SUFFOLK COUNTY
PATROLMEN'S BENEVOLENT ASSOCIATION, INC.,

By: _____
RONALD J. DAVIS
Kranz, Davis & Hersh
601 Veterans Memorial Highway
Hauppauge, New York 117881